UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK VINZANT                                CIVIL ACTION

v.                                          NO. 06-10561

UNITED STATES OF AMERICA, ET AL.            SECTION "F"

ORDER

Before the Court is the United States' motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the motion is DENIED as moot.

Background

Mark A. Vinzant was injured in a car accident on July 7, 2005. He alleges that cars driven by M. Damian Every and United States Deputy Marshall J. Douglas Ferrell collided with a car driven by United States Deputy Marshall M. Gerald Dysant, in which Vinzant was a passenger. Vinzant sent two letters to the appropriate federal agency, the U.S. Marshals Service (USMS), on December 19, 2005 and May 12, 2006, informing the agency of the claim against it arising from the July 7 accident. Neither letter complied with the administrative requirement that the claim for damages be in a sum certain. See 28 C.F.R. §14.2(a). Vinzant's claim also did not arrive to the agency in the proper form, Form

1

SF-95. Nevertheless, the agency reviewed the claim, and on May 19, 2006, the USMS sent a notice of final denial of his claim, placing him on notice that, if he wished to pursue his claim further, he was required to file suit in federal district court within six months of the date of the letter of denial. On November 27, 2006, Vinzant sued the United States and both deputy marshals pursuant to the Federal Tort Claims Act, 28 U.S.C. 1 1346(b).[1]

The United States now moves to dismiss the claim for lack of subject matter jurisdiction, arguing that Vinzant failed to exhaust his administrative remedies when he did not include a sum certain for damages in his claim against the agency.

I.

A.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal for lack of subject-matter jurisdiction. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003). A court may find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented

---

[1] The deputy marshals were substituted as parties by the United States of America on June 7, 2007, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d)(1), because they were acting in the course and scope of their employment at the time of the accident. M. Damian Every and State Farm were dismissed as a party on March 28, 2007 because the state law claims against them were prescribed.

by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. Id. at 161. But "[f]ederal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by the parties, or by the court sua sponte, at any time." MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990); see also FED. R. CIV. P. 12(h)(3).

B.

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act provides a limited waiver of sovereign immunity, providing a private right of action for certain torts by federal employees acting in the scope of their employment. 28 U.S.C. 1346(b) (2006); 28 U.S.C. § 2671 (2006); see also United States v. Orleans, 425 U.S. 807, 814 (1976).

But a plaintiff cannot sue the United States in district

court until all administrative remedies are exhausted:

> An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been <u>finally denied</u> by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675 (2006)(emphasis added).

## II.

The United States claims that Vinzant failed to exhaust his administrative remedies when he declined to list a sum certain for damages in his claim to the agency, and, therefore, is barred from filing his claim under the FTCA in this Court. The interesting question of whether Vinzant's omission renders him ineligible to sue in this Court, even though the agency processed his claim despite the omission and even issued a final denial instructing him of his right to sue in district court, will never be resolved.

The fact is that Vinzant did receive a letter from the agency, stating that his claim had been denied and that he had six months from May 19, 2006 in which to file in district court. Vinzant filed his lawsuit in this Court on November 27, 2006. He failed to file his claim in this Court within the six-month time frame; therefore, his claims are prescribed. This Court has no jurisdiction to hear his case.

Accordingly, the United States' motion to dismiss for

failure to state a claim is DENIED as moot.  This Court dismisses the case <u>sua sponte</u>.

                    New Orleans, Louisiana, July 25, 2007.

                                  _____
                                      MARTIN L. C. FELDMAN
                                  UNITED STATES DISTRICT JUDGE