```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


MARK A. VINZANT                               CIVIL ACTION


VERSUS                                        NO. 06-10561


UNITED STATES OF AMERICA,                     SECTION "F"
M. GERALD DYSART, U.S. Deputy Marshall,
J. DOUGLAS FARRELL, U.S. Deputy
Marshal, M. DAMIAN EVERY, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration. For the reasons that follow, the motion is GRANTED.

Background

Mark Vinzant was injured in a traffic accident while being transported by the U.S. Marshals Service. He filed administrative claims against the Marshals Service in December 2005. The agency denied the claims on May 19, 2006 and mailed him notification of the "final denial" the same day. 28 C.F.R. § 14.9(a). Under the applicable statute of limitations, Vinzant had six months from the date of the agency's denial to file a claim in district court. 28 U.S.C. § 2401(b). He did so on November 17, 2006, two days before the statute of limitations expired. However, because of a clerical

1

error in the docket sheet, the Court found that Vinzant did not file his claim until November 26, 2006, outside of the limitations period. In its July 25, 2007 Order and Reasons, the Court denied defendant's Rule 12(b)(1) motion to dismiss as "moot" and dismissed the case *sua sponte* based on the statute of limitations.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e). Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*). Vinzant filed the motion for reconsideration motion on August 1, 2007, within ten days of entry of the Court's Order of dismissal.  Therefore, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).[1]  U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of the interest in finality, motions for reconsideration may be granted only if the moving party shows there

---

[1] Although Vinzant captioned his motion as, "MOTION FOR RECONSIDERATION PURSUANT TO RULE 60(a)," the plaintiff's motion is properly treated as a motion for amendment of judgment under Rule 59(e); furthermore, memoranda from both parties treat it as such.

was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 478-79 (5th Cir. 2004). In the present case, the plaintiff has shown that the Court's order of dismissal was based on a mistake of fact as to the date on which he filed his claim.

    IT IS ORDERED that the plaintiff's motion for reconsideration is GRANTED and the Court's order of dismissal is hereby vacated. The defendant's motion to dismiss will be taken up on the papers on October 3, 2007.

    New Orleans, Louisiana, September 19, 2007.

    _____
    MARTIN L. C. FELDMAN
    UNITED STATES DISTRICT JUDGE