```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


MARK VINZANT                              CIVIL ACTION

v.                                        NO. 06-10561

UNITED STATES OF AMERICA, ET AL.          SECTION "F"
```

ORDER AND REASONS

Before the Court is the government's motion to dismiss plaintiff's tort claims. The government asserts this Court lacks jurisdiction because the plaintiff failed to exhaust administrative remedies in accordance with the Federal Tort Claims Act before filing the present lawsuit. For the following reasons, the government's motion to dismiss is DENIED.

I.

On July 7, 2005, Mark Vinzant was allegedly injured in a traffic accident while being transported by the U.S. Marshals Service (USMS). Vinzant wrote to the USMS on December 19, 2005 and May 12, 2006, in which he stated the agency was the "direct cause of [his] injuries" arising from the accident. In the letters,

1

Vinzant described his injuries and offered to provide information on the medical treatment he was receiving. But he initially failed to claim a sum certain.

The USMS administratively reviewed the claim, investigated the circumstances of the accident, and concluded the deputy marshals were not at fault.[1] On May 19, 2006, the USMS sent Vinzant a notice of final denial stating that the agency was not responsible for his injuries. In accordance with 28 C.F.R. 14.9(a), the letter placed Vinzant on notice that, if he was dissatisfied with the agency action, he was required to file suit in federal district court within six months. On November 17, 2006, Vinzant sued the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680 (FTCA).

The government's motion to dismiss was filed on June 5, 2007, contending this Court lacks subject matter jurisdiction because Vinzant never timely presented his claim to the USMS. See 28 U.S.C. § 2675. Specifically, the government says Vinzant's letters did not include a request for damages in a "sum certain" as required by 28 C.F.R. §14.2(a). However, on June 7, 2007, Vinzant

---

[1] The accident involved three vehicles: two passenger vans driven by deputy U.S. marshals, and one vehicle that was apparently never identified; the USMS investigation concluded that: "the multi-vehicle accident giving rise to your claim was caused by another party, operating a privately-owned vehicle. That party caused a chain-reaction collision, which ultimately caused the stopped prisoner van in which you were riding to be rear-ended. Thus, the USMS is not legally responsible for your claimed injuries."

attempted to supplement his administrative claim by submitting to the USMS a Standard Form 95 in which he alleged $1,000,000 in damages related to the traffic accident.

                                II.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal for lack of subject-matter jurisdiction. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003). A court may find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. Id. at 161.

In the present case, the Court has jurisdiction under the Federal Tort Claims Act. The FTCA is a limited waiver of sovereign immunity whereby the United States has consented to be sued for certain torts by federal employees acting in the scope of their employment. However, federal jurisdiction under the FTCA is conditioned on the claimant's compliance with the administrative exhaustion requirement under 28 U.S.C. § 2675:

> An action shall not be instituted upon a claim against the United States for money damages ... unless the

> claimant shall have first <u>presented the claim</u> to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675 (emphasis added). Although the statute does not define what constitutes "presentation" to the agency, the Attorney General has promulgated regulations regarding the proper presentation and settlement of administrative claims. <u>See</u> 28 C.F.R. §§ 14.1-14.11. Section 14.2(a) of the regulations states that, for the purposes of § 2675:

> A claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed standard Form 95 or other written notification of the incident, accompanied by a claim for money damages <u>in a sum certain</u> for injury to or loss of property, personal injury, or death.... C.F.R. § 14.2(a) (emphasis added).

The question of what constitutes proper presentation of administrative claims has been commented upon extensively in the Fifth Circuit, which has taken a somewhat lenient approach to the sum certain requirement in § 14.2.[2] In <u>Williams v. United States</u>, 693 F.2d 555 (5th Cir. 1982), the court found that a plaintiff satisfied the requirement even though he never presented a claim

---

[2] In <u>Adams v. United States</u>, 615 F.2d 284 (5th Cir.1980), the Fifth Circuit stated that the jurisdictional question of whether a plaintiff has properly "presented" the claim to the agency under § 2675 is determined without reference to whether that plaintiff has complied with all settlement-related requirements in the Attorney General's regulations. <u>Adams</u>, 615 F.2d at 288. The jurisdictional requirements of notice under § 2675 are satisfied when a claimant: "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." <u>Adams</u>, 615 F.2d at 290.

for damages in a sum certain directly to the agency. The court said that form is not important "as long as the agency is somehow informed of the fact and amount of the claim within the two year period prescribed by § 2401(b)...." See <u>Wardsworth v. United States</u>, 721 F.2d 503, 505-506 (5th Cir. 1983), <u>cert. denied</u>, 469 U.S. 818 (1984). Furthermore, this Circuit has not taken the position that a claimant's failure to comply with all of the various administrative requirements in §§ 14.1-14.11 obstructs federal jurisdiction. <u>Adams v. United States</u>, 615 F.2d 284, 288 (5th Cir. 1980).

### III.

In this case, Vinzant submitted claim letters to the agency stating the facts of the traffic incident and his belief that the USMS was at fault.[3] The letters were an obvious effort to start a dialogue with the agency regarding his injuries and the medical treatment he was receiving while in federal custody. However, the letters did not include a claim for a "sum certain." See <u>Molinar</u>, 515 F.2d at 248. But, rather than informing Vinzant of his omission, or sending him a Standard Form 95, the USMS simply

---

[3] In a letter the government denies receiving, Vinzant elaborated on the nature of his injuries. Vinzant also made a telephone call to the agency seeking a response to his letters, during which the agency told him only that he would be receiving information about his claim in the mail. Whether his claim has merit will have to await trial.

processed his claim. The agency then sent him a letter of final denial, advising that if he wished to pursue the matter he would have to file suit in federal court.[4]

The manner in which the USMS processed Vinzant's claim is not consistent with the purpose of the FTCA and accompanying regulations. The Fifth Circuit has acknowledged that the government is in a position to communicate with claimants regarding the sum certain requirement, or, at the very least, provide an SF-95 Form that informs the claimant of the requirement. See Molinar v. United States, 515 F.2d 246, 249-250 (5th Cir. 1975). This is consistent the Attorney General's regulations, which place a duty on agencies to communicate with claimants, if feasible, to achieve "prompt, fair, and efficient resolution of administrative claims." See 28 C.F.R. § 14.6.[5] It seems counterintuitive for the government to lure tort claimants toward disadvantage by summarily directing them

---

[4] There is no indication on the record that Vinzant had any information his claim was defective until the government filed its present motion to dismiss, at which point he immediately filed an SF-95 Form that included a sum certain.

[5] 28 C.F.R. § 14.6(1)(a) states: "Whenever feasible, administrative claims should be resolved through informal discussions, negotiations, and settlements rather than through the use of any formal or structured process. At the same time, agency personnel processing administrative tort claims should be trained in dispute resolution techniques and skills that can contribute to the prompt, fair, and efficient resolution of administrative claims." This is a commendable effort to personalize the way the government treats claimants, something one rarely encounters when compelled to deal with government bureaucracies.

to federal court, and then opposing federal jurisdiction based on failure to properly present the claims to the agency. In many cases, this sequence of events will consume the full two years of the limitations period and the claimant will have no possibility of recovery. <u>See</u> U.S.C. § 2401(b).

In light of these circumstances, the Court views the completed SF-95 Form Vinzant sent to the USMS on June 7, 2007 as a supplementation of his original claim. The government contends the SF-95 Form cannot possibly cure the deficient claim, because, according to the Attorney General's regulations, a claim may not be amended after it has been finally denied. <u>See</u> 28 C.F.R. § 14.2. However, this administrative timetable in § 14.2 governing amendments to administrative claims does not present a limitation to this Court's jurisdiction. The fact that Vinzant submitted his SF-95 Form to the agency outside the period allotted by § 14.2 does not divest this Court of subject matter jurisdiction over his FTCA action where he has otherwise complied with the statute of limitations in 28 U.S.C. § 2401. Taken together, the allegations in his December 19, 2005 and May 12, 2006 letters, along with his claim for $1,000,000 in the June 7, 2007 SF-95 Form, constitute a valid claim in writing for damages in a sum certain. Furthermore, these materials were all presented to the agency within two years

of the traffic accident.[6] Finally, Vinzant filed the present action in federal court within six months of the agency's "final denial," as required by 28 U.S.C. § 2401. Therefore, he has complied with the statute of limitations. Apart from that, Vinzant has satisfied the Court he had good cause for not amending his claim in the time frame administratively required by § 14.2. See Perez v. United States, 167 F.3d 913, 917-918 (5th Cir. 1999) (tolling the statute of limitations in FTCA action where claimant showed good cause for filing a deficient administrative claim); Williams, 693 F.2d at 558 (allowing claimant to supplement deficient SF-95 Form with facts establishing a "sum certain" after the administrative claim had been denied and the lawsuit had commenced in federal court).

Finally, the Court notes this is not a case where the government finds itself blindsided by a federal lawsuit that passed unnoticed through administrative proceedings. The USMS conducted its own investigation into the accident and denied responsibility. Because Vinzant was at all times in federal custody and receiving medical care from federal employees,[7] if additional information

---

[6] 28 U.S.C. § 2401 provides that: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless the action is begun within six months after the date of notice of final denial of the claim by the agency to which it was presented."

[7] Cf. Wardsworth, 721 F.2d at 506 (finding claim barred only after court "searched the record in vain for any shred of evidence that [the plaintiff] provided the Postal Service with facts from which it could have estimated the value of her claim").

would have aided the agency in resolving this dispute, the agency presumably would have, in accordance with the mandate in § 14.6(a)(1), accepted Vinzant's invitation to discuss the nature of his claims.

The United States' motion to dismiss is DENIED.

New Orleans, Louisiana, October 10, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE