# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK ANTHONY VINZANT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-10561-MLCF-SS** |
| **UNITED STATES OF AMERICA, et al** | |

## ORDER

DEFENDANT'S MOTION TO QUASH (Rec. doc. 127)

**GRANTED**

The defendant, the United States of America, requests that a subpoena duces tecum be quashed. The subpoena was issued at the request of the plaintiff, Mark Vinzant, to the United States Probation Department in New Orleans.

On July 7, 2005, Vinzant was one of seventeen prisoners in the custody of the United States. They were being transported in two vehicles by deputy Marshals when there was an accident. Vinzant, who appears *pro se*, alleges that the deputy Marshals operated the vehicles in a negligent manner. In the subpoena he seeks all contact information for 2005 through 2009 for the sixteen prisoners, who were passengers with him in the two vehicles.

The discovery deadline was Monday, December 7, 2008. Rec. doc. 68. It was reset for Friday, August 14, 2009, when the trial was rescheduled. Rec. doc. 83. The discovery deadline was extended to September 25, 2009 on the condition that the trial date and pre-trial conference date would not be disturbed. Rec. doc. 91. On September 25, 2009, the District Judge granted Vinzant's motion to terminate his counsel. The pretrial conference was reset for December 21, 2009, and the

trial was reset for January 11, 2010. Rec. doc. 117. The September 25, 2009, discovery deadline was not extended. Vinzant has not sought any extension of the discovery deadline. He did not issue the subpoena until November 26, 2009, and therefore, it is not timely.[1]

The subpoena is too broad. It requests all contact information for each prisoner over a five year period. It is not limited to documents which would reveal the last known address of the prisoners.

The United States urges that the subpoena seeks documents from an arm of the judiciary which contain confidential information protected by privacy and confidentiality concerns. It urges that Vinzant must demonstrate a compelling particularized need for disclosure of the documents. See U.S. v Huckaby, 43 F.3d 135, 138 (5th Cir. 1995). It contends that Vinzant can obtain the contact information for the other passengers from other sources. It argues that if parolees and former prisoners knew that the Probation Service would disclose contact information to third parties in civil lawsuits, they may be less likely to cooperate with the Probation Service.

Vinzant does not respond to these arguments. Instead he urges that: (1) his prior counsel failed to secure the information; (2) the United States has been dilatory in moving to quash the subpoena; and (3) the information is needed for his case.

The motion to quash will be granted because: (1) the subpoena was not timely; (2) it is too broad; and (3) Vinzant has not demonstrated good cause for the Probation Department to release confidential information.

IT IS ORDERED that the motion of the defendant, the United States of America, to quash

---

[1] Vinzant was ordered to appear for his deposition and medical examination on December 17 and 18, 2009 which is after discovery deadline. Rec. doc. 125. This discovery was ordered because Vinzant's deposition was not taken in accord with a prior order. Rec. doc. 113.

subpoena (Rec. doc. 127) is GRANTED.

New Orleans, Louisiana, this 21st day of December, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**